J-S61017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD ADAM HARTLEB | |
| Appellant | No. 1823 WDA 2015 |

Appeal from the PCRA Order October 19, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000856-2013 CP-25-CR-0001217-2013

BEFORE:  PANELLA, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MARCH 10, 2017**

Richard Adam Hartleb appeals from the trial court's order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  Upon review, we affirm and grant counsel's petition to withdraw pursuant to **Turner**/**Finley**.[2]

On September 23, 2013, a jury convicted Hartleb of four counts of terroristic threats,[3] four counts of simple assault,[4] one count of possessing

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

[3] 18 Pa.C.S. § 2706.

[4] 18 Pa.C.S. § 2701.

an instrument of a crime,[5] and one count of a person carrying a firearm without a license.[6]   These convictions stemmed from an incident that occurred on February 8, 2013, in which Hartleb pointed a handgun at several individuals at Haggerty's Bar in Erie.   On November 5, 2013, Hartleb pled guilty to one count of recklessly endangering another person[7] and another count of a person carrying a firearm without a license, following an unrelated incident on January 13, 2013, in which Hartleb fired a handgun toward a vehicle on the 1100 block of Wallace Street in Erie.

On November 14, 2013, the Honorable John Garhart sentenced Hartleb to an aggregate term of 6 to 14 years' incarceration.   On November 22, 2013, Hartleb filed a motion to modify and reduce sentence, which Judge Garhart denied on December 6, 2013.   Counsel filed a statement of intent to file an ***Anders***/***McClendon***[8] brief in lieu of a Pa.R.A.P. 1925(b) statement.   On August 22, 2014, this Court granted counsel's petition to withdraw and affirmed Hartleb's judgment of sentence.   ***Commonwealth v. Hartleb***, No. 1966 WDA 2013 (Pa. Super. filed Aug. 22, 2014).

_____

[5] 18 Pa.C.S. § 907.

[6] 18 Pa.C.S. § 6106.

[7] 18 Pa.C.S. § 2705.

[8] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).

- 2 -

On May 16, 2015, Hartleb filed a *pro se* "Motion to Correct Formal Error," arguing that his sentence was illegal. The trial court treated Hartleb's motion as a PCRA petition and the trial court appointed PCRA counsel. Hartleb's PCRA counsel subsequently filed a motion to supplement Hartleb's PCRA petition, suggesting that Hartleb's claim that his prior record score was incorrectly calculated lacked legal merit.[9] PCRA counsel apparently attempted to withdraw from the matter; however, we found that counsel did not satisfy all of the demands of **Turner**/**Finley**. Accordingly, we ordered counsel to either comply with the mandates of **Turner**/**Finley** or file an advocate's brief. **See Commonwealth v. Hartleb**, No. 1823 WDA 2015 (Pa. Super. filed Nov. 15, 2016). PCRA counsel has now filed an advocate's brief.

On appeal, Hartleb raises the issues of "[w]hether the lower court erred in denying PCRA relief based on the finding of waiver and in otherwise failing to find that the offense gravity score calculated and applied as to the instant sentence was incorrect[.]" Brief of Appellant, at 2.

The PCRA court found that because the issue of whether the correct offense gravity score was used is a challenge to the discretionary aspects of sentence, Hartleb waived this claim by "fail[ing] to preserve [it] following

_____

[9] Hartleb also argued that the offense gravity score for his conviction of one count of a person carrying a firearm without a license should have been calculated as a 5 rather than a 7.

- 3 -

sentence or on direct review[.]" Notice of Intent to Dismiss Without a Hearing Pursuant to Pa.R.Crim.P. 907, 9/23/15, at 3.

We agree that Hartleb's claim entitles him to no relief under the PCRA. *See Commonwealth v. Fowler*, 930 A.2d 586, 593 (Pa. Super. 2007) ("Challenges to the discretionary aspects of sentencing are not cognizable under the PCRA."). Accordingly, the court did not err in dismissing Hartleb's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/10/2017